WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Parker, et al., | No. CV-13-00113-PHX-BSB |
| Plaintiffs, | **ORDER** |
| v. | |
| Glacier Water Services Incorporated, et al., | |
| Defendants. | |

Defendants Glacier Water Services, Inc., Trevor Barrows, and Rosemary Barrows (Defendants) have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).[1] (Doc. 52.) Defendants argue that they are entitled to summary judgment as a matter of law on Plaintiffs' negligence claims because Plaintiffs have not offered any evidence of causation. (*Id.*) Plaintiffs Robert Parker, Linda Parker, and Jerold Jones (Plaintiffs) oppose the motion on the ground that Defendants waived any arguments regarding causation. (Doc. 55.) Plaintiffs alternatively argue that they have established causation. (*Id.*) Plaintiffs have also filed a cross-motion for summary

---

[1] This matter was initially assigned to the honorable Neil V. Wake. During the Rule 16 conference, the parties stated that "at [that] time," they did not anticipate filing any motions. (Doc. 25 at 2.) Thus, the Scheduling Order omitted a dispositive motion deadline. (Doc. 29 at 4.) The parties consented to magistrate judge jurisdiction and this matter was randomly reassigned to Magistrate Judge Bridget S. Bade. (Doc. 31.) On May 22, 2014, the Court amended the Scheduling Order to permit dispositive motions and set a June 19, 2014 deadline for filing such motions. (Doc. 54.) Considering this procedural history, the Court will not further consider Plaintiffs' arguments that summary judgment motions should not be permitted. (Doc. 55 at 4 (filed June 18, 2014).)

judgment on the issues of duty, causation, and damages. (*Id.*) As set forth below, the Court denies both motions for summary judgment.

**I.     Factual Background**

This matter arises from a two-vehicle, intersection-related collision that occurred in Washington, Kansas on January 19, 2011.[2] (Doc. 1 ¶¶ 7, 10, 11; DSOF ¶ 7.)[3] Plaintiffs allege that Defendant Trevor Barrows (Barrows) was negligent in causing the accident, and that Defendant Glacier Water Services, Inc. (Glacier), his employer, is vicariously responsible for his negligence. (Doc. 1 ¶¶ 9-15.) Plaintiff Robert Parker (Parker) was driving one of the vehicles (a truck with a horse trailer) involved in the collision and Plaintiff Jerold Jones (Jones) was a passenger in Parker's vehicle. Parker was travelling westbound. (PSOF ¶ 10.)[4] Barrows was travelling southbound. (Doc. 55 at 3.) Plaintiffs allege that Barrows had a stop sign before the intersection and that Parker had the right way because there was no traffic control device in his direction as he entered the intersection. (PSOF ¶¶ 10, 12.) Plaintiffs allege that Barrows failed to yield at the stop sign for westbound traffic and collided with the vehicle in which Parker and Jones were travelling. (PSOF ¶ 11, 12.) Parker and Jones allegedly sustained injuries as a result of collision. (PSOF ¶¶ 14,15, Exs. B, C.)

**II.    Procedural Background**

Plaintiffs filed their complaint in January 2013. (Doc. 1.) In June 2013, Defendants filed an answer denying that they were negligent and denying Plaintiffs' allegations that "[a]s a direct a proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages." (Doc. 15 ¶ 9 (denying Plaintiffs' allegations in ¶ 15 of

---

[2] Plaintiffs invoke this Court's diversity jurisdiction and the parties do not dispute venue. (Doc. 1 at ¶¶1-3, 6; Doc. 25.)

[3] Citations to "DSOF" are to Defendants' Statement of Facts in Support of Their Motion for Summary Judgment. (Doc. 53.)

[4] Citations to "PSOF" are to Plaintiffs' Statement of Facts in Response to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment. (Doc. 56.)

1 the Complaint).)  In August 2013, the parties filed a joint proposed discovery plan in 2 which Defendants disputed "liability" and the "nature and extent of any damages that 3 may have resulted from the accident."  (Doc. 25 at 2.)

4 In October 2013, the Court issued a Rule 16 Scheduling Order that directed the 5 parties to comply with the Federal Rules of Civil Procedure with respect to disclosure and 6 discovery.  (Doc. 29.)  The Scheduling Order specifically directed Plaintiffs to "provide 7 full and complete expert disclosures required by Rule 26(a)(2)(A)-(C) of the Federal 8 Rules of Civil Procedure no later than February 14, 2014."  (Doc. 29 at 2.)  Defendants 9 were to disclose their experts by March 14, 2014, and rebuttal opinions, if any, were to be 10 disclosed by March 28, 2014.  (*Id.*)  Both fact and expert discovery was to be completed 11 by April 18, 2014.  (*Id*. at 2-3.)

12 On February 14, 2014, Plaintiffs disclosed their expert witnesses.  (DSOF, Ex. 1.) 13 Plaintiffs disclosed Parker's treating doctor, Eric J. Eross, D.O., and Jones's treating 14 doctor, Dr. Alan Corbett, under Federal Rules of Evidence 702, 703, or 705.  (*Id.* at 1-2.) 15 Plaintiffs stated that the "subject matter" of Dr. Eross's testimony was expected to 16 include his examination of Parker regarding his complaints of headaches and head pain. 17 (*Id.*)  Plaintiffs also stated that Dr. Eross would offers his opinions regarding Parker's 18 post-concussive syndrome and memory loss and that Parker's symptoms "are consistent 19 with trauma sustained in the motor vehicle accident which is the subject matter of this 20 proceeding."  (*Id.* at 1-2.)

21 Plaintiffs stated that Dr. Corbett was expected to present evidence regarding his 22 examination of Jones related to his complaints of knee pain, numbness in his hands, neck 23 pain, and shoulder pain.  (*Id.*)  Plaintiffs further stated that Dr. Corbett was expected to 24 opine that Jones's "symptoms are consistent with the trauma sustained in the motor 25 vehicle accident which is the subject matter of this proceeding."  (*Id.*)  Plaintiff also 26 produced Dr. Eross's and Dr. Corbett's treatment records.  (DSOF, Exs. 2, 3.)

**III.     Summary Judgment Standard**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**IV.     Standards to Establish Negligence under Arizona Law**

Plaintiffs assert a negligence claim against Defendants for the injuries they allegedly sustained as a result of the 2011 accident. (Doc. 1.) To prevail on a negligence claim, Plaintiffs must prove four elements: (1) a duty on the part of the defendant to exercise reasonable care, (2) a breach of that duty, (3) a causal connection between the negligent conduct and the resulting injury, and (4) actual damages.[5] *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).

The existence of a duty is generally a question of law, while the other three elements are factual issues "generally within the province of the jury." *Ritchie v. Krasner*, 211 P.3d 1272, 1279 (Ariz. Ct. App. 2009) (citing *Gipson*, 150 P.3d at 230); *see Ball v. Prentice*, 781 P.2d 628, 630 (Ariz. Ct. App. 1989) (the "nature, severity and extent of [a plaintiff's] injuries and whether they are supported by medical or other expert witnesses is a question for the trier of fact."); *Smith v. Chapman*, 564 P.2d 900, 903

---

[5] "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Enterprise Bank & Trust v. Vintage Ranch Inv., LLC*, 2012 WL 1267988 (D. Ariz. Apr. 16, 2012) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, Arizona substantive law applies to this action.

- 4 -

(Ariz. 1977) (en banc) (stating that whether an accident is "the proximate cause of the injury or damages is, generally, a question for the jury.").

To establish causation under Arizona law, the plaintiff "must show some reasonable connection between defendant's act or omission and plaintiff's damages or injuries." *Robertson v. Sixpence Inns of Am., Inc.*, 789 P.2d 1040, 1047 (Ariz. 1990) (en banc). "The defendant's act or omission need not be a 'large' or 'abundant' cause of the injury; even if defendant's conduct contributes 'only a little' to plaintiff's damages, liability exists if the damages would not have occurred but for that conduct." *Id.* (quoting *Ontiveros v. Borak*, 667 P.2d 200, 205 (Ariz. 1983)).

## V.     Defendants' Motion for Summary Judgment

In their pending motion for summary judgment, Defendants argue that they are entitled to summary judgment on Plaintiffs' negligence claims because there is no genuine dispute of material fact on the issue of causation and they are entitled to judgment as a matter of law. (Doc. 52.) Defendants specifically argue that Plaintiffs' expert disclosures and the supporting medical records from Dr. Eross and Dr. Corbett "are silent as to any opinions that the accident caused any injuries, as well as the nature and extent of any such injuries." (*Id.* at 3.)

### A.     Defendants Did Not Concede Causation

In opposition to Defendants' motion for summary judgment, Plaintiffs argue that Defendants conceded the issue of causation because they "stipulated in the Joint Proposed Discovery Plan that the only defenses and issues in dispute were liability and damages." (Doc. 55 at 1 (citing Doc. 25).) Therefore, Plaintiffs argue that Defendants cannot now move for summary judgment on causation and their motion must be denied. (*Id.* at 3.) Plaintiffs also argue that Defendants' initial and supplemental disclosure statements did not assert the "absence of causation" as part of their defense. (*Id.*) Further, Plaintiffs note that Defendants disclosed that their expert, Harry S. Tamm, M.D., was expected to opine that the accident "likely resulted in relatively minor injuries to Mr. Parker." (Doc. 55 at 3 (citing PSOF, Ex. B at 4).)  Relying on this procedural

history, and this portion of Dr. Tamm's anticipated testimony, Plaintiffs argue that Defendants conceded the issue of causation.

The record, however, does not support Plaintiffs' arguments. In their answer, Defendants denied that they were negligent and denied Plaintiffs' allegations that "[a]s a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages." (Doc. 15, ¶ 9 (denying Plaintiffs' allegations in ¶ 15 of the Complaint).) Thus, Defendants' Answer denied Plaintiffs' allegation of proximate cause.

Additionally, in the Joint Proposed Discovery Plan, Defendants disputed "liability" and the "nature and extent of any damages that may have resulted from the accident." (Doc. 25 at 2.) Thus, Defendants denied "liability," which can be construed to encompass the element of causation. *See Wilson v. City of Tucson*, 446 P.2d 504, 508 (Ariz. Ct. App. 1968) (stating that "[t]here can be no liability in a negligence case unless there is negligent conduct on the part of one which invades a protected legal interest of another who is 'within the range of apprehension' and which is the proximate cause of the injuries for which such other person claims damages. These three elements — negligence, an apprehensible interest, and proximate causation — blend into each other. It is in many cases difficult, if not impossible to consider one of the elements apart from the others.").

Finally, Defendants disclosed Dr. Tamm to "address causation and damages." (PSOF, Ex. B at 3.) Defendants stated that Dr. Tamm was expected to opine that the accident "likely resulted in relatively minor injuries to Mr. Parker," and that Dr. Tamm would likely opine that "any tremors and peripheral neuropathy, as well as memory deficits, are not related to the accident." (*Id.* at 4.) Thus, Defendants' disclosures did not concede the cause and extent of Plaintiffs' alleged injuries. Although Defendants did not specifically identify causation as a defense in their disclosure statements, Rule 26(a)(1)(A) does not impose such a requirement. Therefore, the Court concludes that Defendants are not precluded from moving for summary judgment on the issue of causation and will address Defendants' motion.

**B.     Causation is Disputed**

Although the Court addresses Defendants' motion, it finds that the motion fails because Plaintiffs have presented evidence sufficient to survive summary judgment on Parker's and Jones's negligence claims. To support Parker's claims, Plaintiffs have disclosed Dr. Eross's records which indicate that: (1) Parker's head pain began when he was involved in the accident at issue; (2) Parker "struck the left occipital portion of his head, perhaps losing consciousness and his head has hurt ever since"; and (3) his "headaches/head pain is most consistent with that of the left-sided lesser occipital neuralgia induced by trauma." (Doc. 55 at 5 (citing DSOF, Ex. 2).) Plaintiffs notified Defendants that Dr. Eross would testify concerning his examination of Parker, his symptoms, and that his symptoms are consistent with the trauma sustained in the motor vehicle accident at issue. (DSOF, Ex. 1.)

To support Jones's claims, Plaintiffs have disclosed Dr. Corbett's records which describe Jones's complaints of knee and ankle pain. (Doc. 55 at 6 (citing DSOF, Ex. 3).) Dr. Corbett's records refer to "left knee pain" and note that Jones was in a car accident about a year ago. (DSOF, Ex. 3 at 2-3.) Plaintiffs notified Defendants that Dr. Corbett would present evidence regarding his examination of Jones related to his complaints of knee pain, numbness in his hands, neck pain and shoulder pain and opine that those symptoms "are consistent with the trauma sustained in the motor vehicle accident at issue." (DSOF, Ex. 1 at 3.)

A causal relationship between the accident and Parker's and Jones's injuries may be inferred from this evidence. Therefore, whether Parker's and Jones's alleged injuries were caused by the accident is a factual question to be resolved at trial. *See Ontiveros*, 667 P.2d at 208 (the issue of causation "should ordinarily be a question of fact for the jury under usual principles of Arizona tort law"). Accordingly, the Court denies Defendants' motion for summary judgment.

**VI.    Plaintiffs' Cross- Motion for Partial Summary Judgment**

Plaintiffs' cross-motion seeks partial summary judgment on the issues of duty, causation, and damages. (Doc. 55 at 8.) Plaintiffs argue that, throughout this proceeding, Defendants have not disputed the issues of duty and causation and therefore have conceded these issues. (*Id.*) Plaintiffs further argue that they are entitled to summary judgment on the issues of causation and damages because Defendants' expert disclosure for Dr. Tamm was untimely and the reports of both defense experts, Dr. Tamm and Glen R. Bair, M.D., were incomplete in violation of Rule 26(a)(2)(B). (*Id.*) Plaintiffs argue that the Court should preclude the testimony of Dr. Tamm and Dr. Bair based on these violations of Rule 26(a)(2)(B). (*Id*.)

**A.    Defendants Did Not Concede Duty and Causation**

As discussed above in Section V.A, the Court finds that Defendants have not conceded the issue of causation and have not waived arguments related to that element of Plaintiffs' claims. Plaintiffs' cross-motion asserts that Defendants have also conceded duty. Plaintiffs' argument that Defendants conceded duty is apparently based on their argument that Defendants "stipulated" in the Joint Proposed Discovery Plan that "liability and damages" were the only disputed issues. (Doc. 55 at 1 and 8.) As set forth above, the Court finds that Defendants disputed liability and, therefore, disputed the elements of Plaintiffs' negligence claims. *See Wilson,* 446 P.2d at 508. Therefore, the Court concludes that Defendants did not concede the issue of duty.

However, "[t]he existence of a duty is generally a question of law." *Ritchie*, 211 P.3d at, 1279. While Plaintiffs' motion did not present an argument on the existence of Defendants' duty (other than their argument that Defendants conceded this issue), the Court recognizes that it is very unlikely that this legal issue will be disputed at trial and anticipates that the parties will address it in the proposed final pretrial order or in the proposed jury instructions.

### B. Timeliness of Defendants' Expert Disclosure

Plaintiffs also move for partial summary judgment on the ground that Defendants' expert disclosure was untimely and did not fully comply with Rule 26(a)(2)(B). Plaintiffs argue that Dr. Tamm's report was untimely because it was disclosed on March 19, 2014, five days after the March 14, 2014 expert disclosure deadline. (Doc. 55 at 8.) In their Response, Defendants state that they disclosed Dr. Tamm's opinions on March 14, 2014, and disclosed his report five days later. (Doc. 59 at 5.) Defendants state that Plaintiffs' counsel approved the March 19, 2014 disclosure of Dr. Tamm's report.[6] (*Id.*)

In their reply, Plaintiffs confirm that they extended Defendants' counsel a "professional courtesy of 5 days beyond the March 14 deadline" to disclose Dr. Tamm's report. (Doc. 61 at 2.) While Plaintiffs acknowledge that Defendants' disclosure of Dr. Tamm's report was timely pursuant to their agreement, they argue that the report was not complete and that the supplemental information provided was not timely. (*Id.*) Accordingly, the Court will not further address the timeliness of Defendants' disclosure of Dr. Tamm's report, but addresses below Plaintiffs' argument that Defendants' expert disclosures were incomplete.

### C. Compliance with Rule 26(a)(2)(B)

Plaintiffs argue that Defendants' disclosure of its expert reports from Dr. Tamm and Dr. Bair was incomplete because Defendants did not disclose the experts' fee schedules or a list of their past trial and deposition testimony until March 31, 2014, after the March 14, 2014 deadline.[7] (Doc. 55 at 8). Plaintiffs request that the Court preclude

---

[6] Under Rule 26(a)(2), a party must disclose the identity of expert witnesses it may use at trial and, for retained experts, must accompany that disclosure with "a written report" summarizing the expert's opinions and qualifications. *See* Fed. R. Civ. P. 26(a)(2)(A)-(B).

[7] Rule 26(a)(2)(B) provides that an expert's written report must contain: (1) a complete statement of all of the witness's opinions and the basis and reasons for them; (2) "the facts or data considered by the witness in forming them"; (3) exhibits the expert will use to support or summarize the opinions; (4) "the witness's qualifications"; (5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition"; and (6) "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

1  Defendants from relying on Dr. Tamm's and Dr. Bair's opinions and testimony. (*Id.*
2  ("Defendants have not provided any of the justifications set forth in the Scheduling Order
3  that would serve to excuse the non-compliance and permit either witness to testify.").)[8]
4  Thus, Plaintiffs seek summary judgment because they argue that Defendants did not
5  "identify any other witnesses that would testify on Defendants' behalf on the issues of
6  damages and causation." (*Id.*)

7  Plaintiffs' argument assumes that Defendants must present expert testimony to
8  dispute causation and damages and therefore that Plaintiffs would be entitled to summary
9  judgment if Defendants' experts were precluded from testifying. Plaintiffs, however,
10 have the burden of proof on these issues. *See Gipson*, 150 P.3d at 230 (plaintiff must
11 prove the elements of negligence claim). Thus, even if Defendants' witnesses were
12 precluded from testifying, Plaintiffs would still be required to prove these elements —
13 which Defendants may dispute through cross examination, impeachment, and argument
14 — and would not be entitled to summary judgment.

15 In addition, Plaintiffs did not move for sanctions under Rule 37 or to preclude the
16 testimony of Dr. Tamm and Dr. Bair based on Defendants' alleged violation of the
17 Scheduling Order. Rule 37(c)(1) authorizes sanctions for a party's failure to make the
18 required disclosures and provides that: "[i]f a party fails to provide information or
19 identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that
20 information or witness . . . at trial, unless the failure was substantially justified or is
21 harmless." Fed. R. Civ. P. 37(c)(1). As the Ninth Circuit has explained, Rule 37(c)(1)
22 "gives teeth to [the disclosure] requirements by forbidding the use at trial of any
23 information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by*
24 *Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming
25 exclusion of untimely expert report). Rule 37(c)(1) is a "'self-executing,' 'automatic

---

27 [8] The Scheduling Order provides that "[n]o expert witness not timely disclosed will not be permitted to testify" unless several conditions are met. (Doc. 29 at 3.)
28 However, the Scheduling Order does specifically address the disclosure of an incomplete written report. (*Id.*)

- 10 -

sanction' to 'provide[] a strong inducement for disclosure of material . . . .'" *Id.* (quoting Fed. R. Civ. P. 37, Ad. Comm. Notes (1993 amendments)).

Rule 37(c)(1), however, allows the use of information or witnesses that were not properly disclosed if the failure to disclose was substantially justified or harmless, but places "the burden [] on the party facing sanctions to prove harmlessness." *Yeti by Molly*, 259 F.3d at 1107 (citing *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("[I]t is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with [Rule 26] was either justified or harmless . . . .")). Neither Plaintiffs nor Defendants have addressed whether Defendants' late disclosure of their experts' fee schedules and the lists of prior testimony was "substantially justified" or "harmless" under Rule 37(c)(1).

Although Defendants have the burden of establishing that the late disclosure was harmless, Plaintiffs have not presented any information or argument from which the Court could find that any prejudice resulted from the late disclosure of the fee schedules and testimony lists. Plaintiffs note that the Defendants' supplemental disclosure of this information occurred after the deadline to disclose rebuttal experts, but they have not stated that they intended to disclose rebuttal experts, that they needed to review the fee schedules and testimony lists to determine whether to disclose rebuttal experts, or that this information was necessary for them to rebut the "opinions" of Defendants' experts. (*See* Doc. 29 ("Rebuttal experts shall be limited to responding to opinions stated by initial experts.").)  Therefore, the Court finds that this issue has not been appropriately presented and denies Plaintiffs' motion for partial summary judgment based on Defendants' untimely disclosure of their experts' fee schedules and lists of testimony.

Accordingly,

/ / /

/ / /

/ / /

/ / /

- 11 -

1 **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 52) and Plaintiffs' Cross-Motion for Partial Summary Judgment (Doc. 55) are **DENIED**.

Dated this 6th day of November, 2014.

*Bridget S. Bade*
Bridget S. Bade
United States Magistrate Judge